IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX MELVIN WADE, JR., | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-06-4030 |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Petitioner Alex Melvin Wade, Jr., a state parolee proceeding *pro se*, filed this habeas corpus proceeding under 28 U.S.C. § 2254, challenging his 1997 state conviction for forgery. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed as time-barred for the reasons set forth below.

### I. BACKGROUND AND CLAIMS

Petitioner was convicted of forgery in 1997 and sentenced to twenty years incarceration in cause number 729,136 in the 179th District Court of Harris County, Texas. The conviction was affirmed on direct appeal. *Wade v. State*, 31 S.W.2d 723 (Tex. App. – Houston [1st Dist.] 2000, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review on February 28, 2001. *Wade v. State*, PDR No. 2033-00. Petitioner unsuccessfully sought state habeas relief in 2006.

Petitioner filed this petition for federal habeas relief on December 18, 2006.

## II. ANALYSIS

### A. The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer

if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitation at the conclusion of direct review or the expiration of the time for seeking such review. Petitioner's petition for discretionary review was refused on February 28, 2001. Although petitioner did not file a petition for a writ of *certiorari* to the United States Supreme Court, his time to do so expired ninety days later, on or about May 27, 2001. *See* SUP. CT. R. 13.1. That date triggered the AEDPA statute of limitations, which expired one year later on or about May 27, 2002. Petitioner's pending federal petition, filed in 2006, is time-barred unless an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner's federal application, filed in 2006, was filed *after* the one-year AEPDA limitation expired, and did not toll the AEDPA limitation. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). No grounds for application of 28 U.S.C. § 2244(d)(1)(B), (C), or (D), or for application of any equitable tolling provision, appear in the petition. Accordingly, there is no statutory or other basis to save petitioner's untimely petition. This pending habeas petition is barred by the applicable one-year limitations period.

Even assuming this petition were not time-barred, it would be subject to dismissal as an unauthorized successive petition. *See Wade v. Cockrell*, C.A. No. H-02-2828 (S.D. Tex. 2003) (dismissing as time-barred petitioner's challenge to his 1997 conviction).

### III. CONCLUSION

The federal habeas corpus petition is **DENIED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. A certificate of appealability is **DENIED**. Any and all pending motions are **DISMISSED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 27th day of December, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE